UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

SHERIE WHITE,

        Plaintiff,

  v.

SAVE MART SUPERMARKETS dba
FOOD MAXX; WRI GOLDEN STATE,
LLC; and DOES 1 through 10,

        Defendants.

NO. CIV. S 03-2402 MCE KJM

MEMORANDUM AND ORDER

----oo0oo----

Through the present motion, Plaintiff Sherie White ("Plaintiff") seeks attorney's fees and litigation expenses, pursuant to both state law and 42 U.S.C. § 12205 of the Americans with Disabilities Act ("ADA"), following her settlement with Defendant SaveMart Supermarkets dba Food Maxx ("SaveMart") for violations of Title III of the ADA pertaining to SaveMart's facility located at 1330 Churn Creek Road in Redding, California. Plaintiff requests $11,211.25 for fees incurred by various attorneys and paralegals, and $5,927.64 in costs and litigation

1

expenses, for a total of $17,138.89.  Save Mart opposes Plaintiff's motion, claiming that the fees and expenses sought are unwarranted, unreasonable and/or excessive.

**BACKGROUND**

This dispute arises from Plaintiff's claim that she encountered various architectural barriers when attempting to visit SaveMart's Redding facility.  Plaintiff is a quadriplegic unable to walk, stand or use her arms.  Plaintiff must use an electronic wheelchair when traveling about in public.

Plaintiff filed her complaint against Save Mart on November 18, 2003.  Thereafter, her counsel conducted site assessments of the Save Mart facility and had a report prepared which listed some thirty-nine (39) separate ADA violations within that facility.  In August of 2005, Plaintiff and SaveMart entered into a settlement agreement pursuant to which SaveMart agreed to pay Plaintiff damages in the amount of $4,000 and to remedy certain of the claimed ADA violations.  Prior to settling the case, Plaintiff dropped her demands pertaining to many of the alleged violations identified in the site report prepared by her expert.  Specifically, Plaintiff did not pursue some eighteen (18) claims pertaining to deficiencies involving the men's restroom.

Since the parties also agreed that the Court would retain jurisdiction to hear Plaintiff's request for fees and expenses, the present motion was filed on September 14, 2005.

//
//

## STANDARD

Plaintiff's complaint alleged violations of federal and California law. Plaintiff's federal claim arose under the ADA, while her state law claims arose under the California's Unruh Act, Cal. Civ. Code § 51, California Health & Safety Code § 19953, and the California Disabled Persons Act, Cal. Civ. Code § 54-55.

Section 12205 of the ADA authorizes a court, in its discretion, to "allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs . . . ." 42 U.S.C. § 12205. A prevailing plaintiff under a statute so worded "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." Barrios v. Cal. Interscholastic Fed'n, 277 F.3d 1128, 1134 (9th Cir. 2002), quoting Hensley v. Eckerhart, 461 U.S. 424, 429 (1983). A plaintiff who enters a legally enforceable settlement agreement is considered a prevailing party. Id.

Section 55 of the California Disabled Persons Act provides that "the prevailing party in the action shall be entitled to recover reasonable attorney's fees." Cal. Civ. Code § 55. Also, under California Health & Safety Code § 19953, "[a]ny person who is aggrieved or potentially aggrieved by a violation of this part . . . may bring an action to enjoin the violation. The prevailing party in the action shall be entitled to recover

reasonable attorney's fees."

## ANALYSIS

SaveMart does not dispute that this Court has discretion to award Plaintiff, as the prevailing party in this litigation, both attorneys' fees, as well as litigation expenses and costs, in pursuing her case. Rite Aid nonetheless asserts that the Court should exercise its discretion in determining that, under the circumstances present, those fees and expenses should either be disallowed in their entirety or significantly reduced.

SaveMart first asks the Court to follow the Central District's recent decision in Doran v. Del Taco, Inc., 373 F. Supp. 2d 1028 (C.D. Cal. 2005), which denied attorneys' fees in an ADA case where the plaintiff had neither provided pre-litigation notice of his intent to sue nor afforded the defendant, prior to suit, a reasonable opportunity to cure any alleged violations. As even the Doran court recognized, however, there is no Ninth Circuit precedent requiring an ADA plaintiff to provide notice before filing suit. Id. at 1031. Indeed, in Botosan v. Paul McNally Realty, 216 F.3d 827, 832 (9th Cir. 2000), the Ninth Circuit held squarely to the contrary. Moreover, as Doran further concedes, repeated efforts by Congress to amend the ADA to provide pre-suit notice have uniformly failed. Id. Consequently, even assuming Plaintiff failed to provide SaveMart with adequate notice of its ADA shortcomings before instituting this lawsuit, the Court declines to rely on the reasoning of Doran in altogether denying Plaintiff's instant

1  request for fees/expenses.
2      This Court must therefore determine the extent to which
3  attorneys' fees and litigation expenses are recoverable.  In
4  making that assessment, the Court must identify the applicable
5  "lodestar" for calculating attorneys' fees.  Under the lodestar
6  method, a court multiplies the number of hours the prevailing
7  attorney reasonably expended on the litigation by a reasonable
8  hourly rate.  *See* Hensley, 461 U.S. at 433; *see also* Ketchum v.
9  Moses, 24 Cal. 4th 1122, 1132 (2001) (expressly approving the use
10 of prevailing hourly rates as a basis for the lodestar).  Courts
11 may then adjust the lodestar to reflect other aspects of the
12 case.  *See* Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70
13 (9th Cir. 1975); *see also* Serrano v. Priest, 20 Cal. 3d 25
14 (1977).  That adjustment can go either upwards or downwards
15 depending on the circumstances present.  Van Gerwen v. Guar. Mut.
16 Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000).
17     Turning first to the number of hours reasonably billed, the
18 Court finds that the amounts claimed by Plaintiff for certain
19 tasks are unreasonable and must be adjusted accordingly.  As
20 SaveMart points out, Plaintiff's counsel has filed literally
21 hundreds of ADA lawsuits similar to this one.  Those cases share
22 similar pleadings, discovery requests and motions.  Certain of
23 the documents generated in this matter are almost identical to
24 those generated in other cases, and the reasonable fee claimed by
25 Plaintiff's counsel in performing those tasks must therefore be
26 reduced.  After analyzing the billing entries generated by
27 Plaintiff's counsel, along with evidence submitted by SaveMart,
28 the Court finds that a total of 4.55 hours billed by attorney

5

Lynn Hubbard at $250/hour are not reasonable, and that a further 3.0 hours of paralegal time at $75/hour is also not reasonable. Consequently $1,137.50 will be deducted from the total attorneys' fees sought on behalf of Plaintiff.

While SaveMart also claims that hours expended by paralegals in this matter are not legally compensable, and hence are unreasonable, that is incorrect.  Paralegal time has been consistently deemed compensable by federal courts if the local practice is to separately bill clients for paralegal services. *See, e.g.,* Missouri v. Jenkins, 491 U.S. 274, 285-87 (1989); United Steelworkers of America v. Phelps Dodge Corp. 896 F.2d 403, 407-08 (9th Cir. 1990).  The defense has not disputed that paralegal services are so billed, and accordingly the hours spent are deemed reasonable.[1]

The above analysis all pertains to the reasonableness of the number of hours for which compensation is sought.  The second step of the lodestar analysis requires that the rate sought to be charged per hour also be reasonable.  Courts generally calculate reasonable hourly rates according to the prevailing market rates in the relevant legal community. Blum v. Stenson, 465 U.S. 886, 895 (1984).  The general rule is that courts use the rates of attorneys practicing in the forum district, in this case, the Eastern District of California. Gates v. Deukmejian, 987 F.2d 1392,1405 (1993); Davis v. Mason

---

[1] Save Mart does argue that certain paralegal costs should be disallowed because they were "clerical/secretarial" in nature. The Court declines, however, to parse the paralegal tasks performed that closely and will permit reimbursement of the amounts claimed by Plaintiff for paralegal services

6

1  County, 927 F.2d 1473, 1488 (9th Cir. 1991), *cert. denied* 502
2  U.S. 899 (1991).
3      The burden is on the fee applicant to produce satisfactory
4  evidence that the requested rates are "in line with those
5  prevailing in the community for similar services by lawyers of
6  reasonably comparable skill, experience and reputation." Blum,
7  465 U.S. at 895 n.11. A court will normally deem a rate
8  determined this way to be reasonable. Id.
9      While the Court agrees with Plaintiff that the both the
10 $250/hour rate sought on behalf of attorney Lynn Hubbard is
11 reasonable, and further concurs that the rate of $75/hour claimed
12 for paralegal services is also reasonable, it does not agree that
13 $175/hour, as sought for associate attorney Scott Hubbard's time,
14 is reasonable. Courts in this district have generally limited
15 associate attorney compensation to $150 per hour in cases of this
16 nature. *See, e.g.,* Loskot v. USA Gas Corporation, CIV. S-01-2125
17 WBS KJM (E.D. Cal. April 26, 2004); Pickern v. Marino's Pizza &
18 Italian Rest., CIV. S-01-1096 WBS GGH (E.D. Cal. April 9, 2003);
19 Loskot v. Pine Street Sch. Off. Bldg., CIV. S-00-2405 DFL JFM
20 (E.D. Cal. Nov. 7, 2002). Consequently, the 7.85 hours sought
21 for Scott Hubbard's services should be reduced from $1,373.75 to
22 $1,177.50, for a total net reduction of $196.25 from the
23 attorneys' fees claimed herein.
24     As outlined above, after deducting time not deemed by the
25 Court to have been reasonably expended in this matter
26 ($1,137.50), and after adjusting the hours claimed to a
27 reasonable hourly rate (for an additional deduction of $196.25
28 from the originally claimed total of $11,211.25 in attorney and

7

paralegal fees), a lodestar figure for professional fees in this matter is calculated to be $9,877.50.  SaveMart claims this figure should also be reduced to reflect the fact that Plaintiff ultimately abandoned many of the ADA compliance demands she initially made in connection with this case.  Specifically, of some thirty-nine (39) different claimed violations identified in Plaintiff's expert report as constituting disability access violations, Plaintiff dropped eighteen (18) before deciding to settle this case.  Those eighteen (18) alleged violations all pertained to claimed inadequacies involving the men's restroom, claims that as a woman Plaintiff lacked standing to pursue under the ADA.  <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-61 (1992).

In assessing whether the lodestar figure should be adjusted, the Court must consider the extent to which Plaintiff prevailed on the demands presented, especially if she did not succeed on such demands in their entirety.  <u>Schwarz v. Sec'y of Health & Human Servs.</u>, 73 F.3d 895, 901 (9th Cir. 1995).  In cases achieving partial success, courts must follow a two-part analysis in deciding whether to reduce an attorneys' fee award:

> First, the court asks whether the claims upon which the plaintiff failed to prevail were related to the plaintiff's successful claims.  If unrelated, the final fee award may not include time expended on the unsuccessful claims.  If the unsuccessful and successful claims are related, then the court must apply the second part of the analysis, in which the court evaluates the 'significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.'  If the plaintiff obtained 'excellent results,' full compensation may be appropriate, but if only partial or limited success' was obtained, full compensation may be excessive.  Such decisions are within the district court's discretion.

8

1  Id. at 901-02.  In determining whether the unsuccessful and
2  successful claims are related,

> ...the test is whether relief sought on the unsuccessful claim is intended to remedy a course of conduct entirely distinct and separate from the course of conduct that gave rise to the injury on which the relief granted is premised. Thus, the focus is to be on whether the unsuccessful and successful claims arose out of the same course of conduct.

7  Id. at 903, quoting Thorne v. City of El Segundo, 802 F.2d 1131,
8  1141 (9th Cir. 1986).  If a court finds the unsuccessful claims
9  to be unrelated to the successful claims, it may either attempt
10 to identify specific hours that should be eliminated or simply
11 reduce the award to account for the limited success.  Id. at 904.
12      In the present matter, the Court finds it appropriate to
13 reduce the lodestar figure based on Plaintiff's limited success,
14 as demonstrated by the fact that she ultimately prevailed by way
15 of settlement on just more than half of ADA violations she
16 originally identified.  Each of violations claimed by Plaintiff
17 represent different and unrelated claims that are premised on
18 different sections of the ADA Accessibility Guidelines to
19 determine liability.  Claims pertaining to the accessibility of
20 plastic bags in the produce department, for example, are
21 completely separate from claims relating to checkstand height, or
22 to claims involving restroom access.  Consequently, Plaintiff's
23 claims relating to the men's bathroom, with respect to which she
24 failed to prevail, are both unrelated and distinct.  Because it
25 is impossible to apportion attorneys' fees between these
26 unsuccessful claims from the claims upon which Plaintiff did
27 prevail with any degree of certainty, the Court reduces
28 Plaintiff's award of attorneys' fees by twenty percent to account

9

for her limited success.  Twenty percent of the $9,877.50 lodestar is $1,975.50.  Total fees awarded for Plaintiff's claimed attorney/paralegal fees will thus be $7,902.00.

Lastly, Plaintiff may recover, as part of the award of her fees in this matter, litigation expenses pursuant to 42 U.S.C. § 2205.  The term "litigation expenses" in Section 12205 has been interpreted to include "the same out-of-pocket expenses that are recoverable under 42 U.S.C. § 1988." Robbins v. Scholastic Book Fairs, 928 F. Supp. 1027, 1037 (D. Or. 1996).  Under Section 1988, Plaintiff recover those out-of-pocket expenses that "would normally be charged to a fee paying client." Harris v. Marhoefer, 24 F.3d 16, 19 (9th Cir. 1994).

As stated above, Plaintiff seeks a total of $5,927.64 in litigation expenses.  Of that amount, SaveMart has contested only the $4,401.25 sought for expert fees and costs submitted by Plaintiff's expert, Joe Card.  SaveMart claims that Mr. Card's invoices should be rejected in their entirety because they do not provide enough detail for the Court to discern whether the requested amount is reasonable.  Plaintiff has submitted, however, two invoices from Mr. Card which furnish seven different time entries showing the tasks performed and the hourly rate. Plaintiff has also submitted Mr. Card's opinion and report which detail the accessibility violations he identified.[2]  Hence Mr. Card's invoices are sufficiently detailed and are properly

---

[2] While SaveMart also claims that a total of $1,523.75 for draftsman services contained within Mr. Card's invoice is not factually supported, the Card report contains architectural drawings pertaining to many of the claimed violations that appear to be the product of those services.

10

subject to reimbursement.

**CONCLUSION**

Based on the foregoing, Plaintiff is entitled to reasonable attorneys' fees in the amount of $7,902.00 and reasonable litigation expenses in the amount of $5,927.64, for a total of $13,829.64. Plaintiff will accordingly be awarded that amount.[3]

IT IS SO ORDERED.

DATED: October 20, 2005

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[3] Because oral argument would not be of material assistance, this matter was deemed suitable for decision without oral argument. E.D. Local Rule 78-230(h).

11